WANGER JONES HELSLEY PC
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

Peter M. Jones, Esq. SBN# 105811

Attorneys for: Defendant, CESAR LEMUS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CESAR LEMUS,<br><br>Defendant. | Case Nos. 1:19CR00014-5 DAD<br><br>**STIPULATION REGARDING USE OF VIDEOCONFERENCING DURING SENTENCING HEARING; AND ORDER**<br><br>Date:  June 15, 2020<br>Time:  10:00 a.m.<br>Judge: Hon. Dale A. Drozd |

It is the intent of the parties, through their respective counsel, Assistant United States Attorney Ross Pearson, counsel for Plaintiff, and Peter M. Jones, counsel for Defendant, Cesar Lemus, by entering the stipulation below, to have the sentencing hearing currently set for June 15, 2020, at 10:00 a.m. proceed as scheduled through the use of videoconferencing.

Mr. Lemus entered a guilty plea in the above entitled case on January 21, 2020, and his sentencing was originally set for April 13, 2020. In light of the Eastern District of California General Orders 611 and 612, the Court continued the matter until June 15, 2020.

After meeting and conferring as set forth in the Court's April 23, 2020, minute order, the parties have agreed on the manner in which the requested hearing would be conducted:

1. Mr. Lemus is willing to waive his physical presence and is able to appear for the sentencing hearing by video from the Fresno County Jail, in accordance with this Court's General Order 614 (implementing the Coronavirus Aid, Relief, and Economic Security (CARES)

Act, H.R. 748, authorizing video and teleconferencing for felony changes of plea and sentencing).

    2. Both government counsel and defense counsel would also appear by video.

The parties believe that the above accommodation is appropriate in this case. The sentencing guideline *as calculated by the Probation Office* is between 51 and 60 months. The maximum possible sentence is 60 months. Probation's recommendation is for 60 months. Mr. Lemus may recommend whatever sentence he believes is reasonable. The Defendant understands the Court's discretion.  By June 15, 2020, Mr. Lemus will have already served approximately 19 actual months in custody at the County Jail and wants to proceed to sentencing through the use of video-conferencing without further delay.

Accordingly, the parties jointly request that the June 15, 2020, sentencing hearing not be further delayed, but rather proceed using the video-conferencing procedures that have been established.

The parties hereby mutually stipulate and agree that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons set below, the parties agree that:

    1. The sentencing hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California; and

    2. The Defendant waives his physical presence at the hearing and consents to a remote hearing by videoconference, and counsel joins in that waiver.

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, Assistant U.S. Attorney, Ross Pearson, and Defendant, by and through his counsel of record, Peter M. Jones, hereby stipulate as follows:

    1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of the virus. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines—which are essential to combatting the virus—are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that the public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 was issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned District Court Judges to continue criminal matters after May 1, 2020, and exclude time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. 3174(d), based on the District's "critically low resources across its heavy caseload". The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the Covid-19 pandemic and examined both the District's caseload and its shortage of judicial resources. The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020 General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy

1  Trial Act.

2  9. Given these facts it is essential that Judges in this District resolve as many
3  matters as possible via videoconference during the COVID-19 pandemic. By holding these
4  hearings now, this District will be in a better position to work through the backlog of criminal and
5  civil matters once in-person hearings resume.

6  10. The sentencing hearing in this case, accordingly, cannot be further delayed
7  without serious harm to the interest of justice. If the Court were to delay this hearing until it can
8  be held in person, it would only add to the enormous backlog of criminal and civil matters facing
9  this Court, and every Judge in this District, when normal operations resume.

10  11. Under CARES Act 15002(b), defendant consents to proceed with this hearing
11  by video-teleconference. Counsel joins in this consent.

13  Dated: June 1, 2020                    **U.S. ATTORNEY'S OFFICE**

14                                         /s/ Ross Pearson
                                           Ross Pearson, Assistant U.S. Attorney

16  Dated: June 1, 2020                    **WANGER JONES HELSLEY PC**

17                                         /s/ Peter M. Jones
                                           Peter M. Jones, Attorney for
18                                         Defendant, CESAR LEMUS

19                                         **ORDER**

20  **BASED ON GOOD CAUSE** and the findings set forth above, The Court hereby
21  grants said request, and under the Court's authority under 15002(b) of the CARES Act and General
22  Order 614, that the sentencing hearing in this case will be conducted by videoconference on June
23  15, 2020 at 10:00 a.m.

25  IT IS SO ORDERED.

26  Dated:   **June 2, 2020**
                                           UNITED STATES DISTRICT JUDGE